# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ANTHONY BAKER,

        Plaintiff,

v.                                               Case No. 09-CV-84

ERIC K. SHINSEKI,
Secretary of the Department of Veterans Affairs,

        Defendant.

_____

# ORDER

Plaintiff Anthony Baker ("Baker") brought this action alleging violations of the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964 arising from his employment with the United States Department of Veterans Affairs. The parties opted not to file dispositive motions and the case was scheduled for a jury trial commencing at 8:30 A.M. on Monday, July 19, 2010. When it became apparent that this was the only remaining case in this district scheduled for trial on July 19, 2010, a member of the court's staff contacted counsel for both parties a week prior to the trial date to remind them that resolution of the case later than Thursday, July 15, 2010, would expose the parties to being assessed the direct costs associated with unnecessarily assembling a jury panel. Counsel confirmed this understanding and at the same time reaffirmed their intention to proceed to trial. However, trial did not commence the following Monday because plaintiff's counsel, Attorney Shannon McDonald, failed to appear. Indeed, less than thirty minutes prior to the case being called, Attorney McDonald contacted the court telephonically

simply stating that he was in the hospital and would not be present. However, inexplicably, Mr. McDonald provided no details by way of further explanation concerning his whereabouts. A return call to the phone number from which the call was placed went unanswered and a voice message left by the court was never returned. Likewise, a call to Mr. McDonald's office was met with surprise, all of which, in the end, left the court unable to obtain any form of confirmation or verification as to his non-appearance.

The case was next called, and at the outset the court informed those present, including the plaintiff, Anthony Baker, that the trial could not go forward without the presence of plaintiff's counsel. Mr. Baker informed the court that he had received no advance notice that his attorney would not be present, and also advised the court that he had never been informed of the potential responsibility for the costs associated with summoning a jury panel in the event the case did not proceed to trial as scheduled. Given the state of the record and the lack of verification regarding Mr. McDonald's whereabouts, the court provisionally dismissed the case with prejudice and ordered that Attorney McDonald and/or his law firm reimburse the court for the cost of summoning a jury panel as disbursed by the jury clerk – in this case, $1,616.00. The court further advised the parties that it would enter a final judgment of dismissal with prejudice unless Baker, Attorney McDonald, or new counsel filed an appropriate motion to reinstate the case.

The court gave its warning on July 19, 2010, now almost two months ago. Since that time, there have been no further filings, either by Mr. Baker personally, or an attorney acting on his behalf. Therefore, the court is obliged to enter a final judgment of dismissal with prejudice together with the assessment of the costs associated with assembling a jury panel.

Accordingly,

**IT IS ORDERED** that Attorney Shannon McDonald and/or his law firm, Carroll & McDonald LLC, be and the same are **ORDERED** to remit to the Clerk of the Court **the sum of One Thousand Six Hundred Sixteen & no/100 Dollars ($1,616.00)** covering the costs associated with assembling a jury panel; and

**IT IS FURTHER ORDERED** that the action be and the same is hereby **DISMISSED with prejudice**.

The clerk is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of September, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge